JOHN M. HOWARD *vs.* JOHN W. VEAZIE.

No lien can be acquired under Rev. Sts. *c.* 117, for labor or materials furnished for erecting or repairing a building, under a written contract, not purporting to create such a lien, made with one who has, at the time of its execution and delivery, no estate in the land, although he acquires a title before the contract is recorded, or the labor and materials furnished. And the admissions of such a contractor, made after he has sold his interest, cannot give the lien any effect against his grantee.

BIGELOW, J. This is a writ of entry, in which the demandant claims title to the estate in controversy under a sale, alleged to have been made in pursuance of Rev. Sts. *c.* 117, for the pur- pose of enforcing a lien for labor and materials furnished by the demandant, under a written contract for the erection of houses upon the demanded premises and other estates there- to adjoining. The facts in the case show that the demand- ant, by proceedings in the court of common pleas to effectuate his lien, obtained from that court an order of sale, and purchased the estate in question at public auction, and received a deed

thereof from the sheriff. He now brings this action to obtain seizin and possession of the premises.

The contract, by virtue of which this lien was claimed, and the title acquired under which is now sought to be established, was made between the present demandant and Abijah S. Johnson, on the 17th of February 1842, and was recorded on the 30th of May following. There is nothing in the terms of the contract from which it can be inferred that Johnson, at the time of its execution, had any estate or interest in the property upon which the labor and materials which the demandant stipulated to furnish were to be expended. Whether he then had a contract for the purchase by himself of the estate upon which the proposed buildings were to be erected, or had only entered into an agreement for their erection with another person who at that time owned the land, does not appear. But it is shown that he acquired no legal title to any portion of the estate until the 30th of March 1842, about six weeks after the date of the written contract with the demandant. It also appears that the larger part of the property was in fact conveyed to him by deeds bearing date in June and October following. The case presents therefore the precise question, whether, under Rev. Sts. *c.* 117, any lien can be acquired by a mechanic or laborer for work and materials furnished in the erection of buildings, under a written contract with a person who, at the time of the execution and delivery of the contract, was neither the owner of the property on which the work and materials were to be expended, nor possessed of any legal estate therein, but who subsequently, and before the work under the contract was performed, acquired a title thereto?

The decision of this question must depend mainly upon the true construction of the language of the statute under which the lien is sought to be maintained. This seems to be explicit and free from all doubt or ambiguity. By Rev. Sts. *c.* 117, § 2, it is provided that "such lien shall not attach, unless the contract is made in writing, and signed by the owner of the land, or by some person duly authorized by him, and recorded in the registry of deeds for the county where the land lies." By § 26

of the same chapter it is also provided that "if the person who procures the work to be done has an estate for life only, or any other estate less than a fee simple, in the land on which the work is to be done," he "shall be nevertheless considered as the owner, for the purposes of this chapter, to the extent of his right and interest in the land, and the lien before provided for shall bind his whole estate and interest therein." From these provisions, it would seem very clear that three things are requisite to create a lien under this statute : First, that the contract should be in writing ; second, that it should be signed by a person who is the owner of a fee simple, or of some other estate less than a fee simple, in the land ; and third, that it should be recorded in the registry of deeds. If any one of these requisites is wanting, no lien is created. The obvious meaning of the statute is, that the person who procures the work to be done, and who signs the contract, is then the owner of the land, or of some right or interest therein. He must be in a condition to create a lien ; that is, he must have such ownership or right as to enable him to create an incumbrance upon the property. The language of the statute has reference to the time when the contract is executed by the person who procures the work to be done. It is by the execution and delivery of the contract, that the lien is created by the owner of the estate on his interest therein. This is all that is necessary to be done on his part. It is the recording of the contract by the mechanic or laborer, which effectuates the lien, both as to the owner and as to third persons. In analogy to other conveyances of real estate, the owner of the land can pass no greater or other interest than that which he owns at the date of the contract. Upon its execution and delivery, the right of lien is transferred. No other act is necessary to be done by him. When recorded by the person to whom it is delivered, it then becomes binding and effectual upon the owner and his privies in estate. The contract, on the day of its execution and delivery, is perfected between the parties. If the owner is then capable of giving a lien on the fee or any less estate in the premises described in the contract, it will be so intended, although not so expressed in the terms of the agreement; because, by

recording it, the statute gives such force and effect to the acts of the parties. But the lien thus given cannot attach to property which a party did not own at the time of the execution and delivery of the contract, for the plain and very simple reason that there was no estate or right or interest to which he had the legal power to attach it.

It may well be, as was decided in *Kirby* v. *Tead*, 13 Met. 149, that, where a party making a contract has an interest in real estate, at the time of its execution, to which the lien can attach, upon the acquisition of a larger right or interest in the same estate, the lien should continue upon the estate of the contracting party, thus enlarged. But it by no means follows that a party, who is not the owner of any right or interest in real estate at the date of a contract, can create a lien upon it so that it shall bind the estate, when it comes to his possession by a title subsequently acquired.

There is nothing in the case at bar which shows that Johnson, the original contractor with the demandant, was the owner of any estate in the premises, of any sort, at the date of the contract. It does not appear even that he was in the possession of them. Suppose that, on the day of the execution of the contract the demandant had recorded the contract. Every thing then would have been done which the statute requires, to create a lien; but it is very plain none would have been created, because Johnson, having no title or interest in the estate, had no power to give any. When, then, would it attach? Certainly not upon the subsequent conveyance of the estate to Johnson. There is no covenant or agreement expressed in the contract, and none can be implied, that Johnson was the owner of the estate at the time of its execution, or that any lien was intended to be conferred thereby. He is not therefore estopped from setting up an after-acquired title. The contract being complete between the parties, by its execution and delivery, their respective rights under it were thereby fixed and determined, and could not be changed as to third persons by the subsequent acts of either. The demandant, by withholding the contract from the record, could gain no other right or interest, as against the other party,

than he would have acquired if he had placed his contract on record on the day of its execution and delivery. Upon the facts of this case, it is clear that the demandant could have gained no lien on the premises in controversy, if he had recorded his contract on the day of its date. He cannot therefore now claim any right in the estate under it.

There is another view of this case, which is quite decisive. When the owner of real estate, or of any right therein, makes a written contract for the erection or repair of houses thereon, it is presumed that he made it with reference to existing laws, and with the intention to confer upon the person with whom he contracts all the rights which these laws create under his contract. Among these is the lien on the real estate, which the other party has a right to secure to himself by recording his contract. This right, therefore, must be taken to have been in contemplation of both parties when the contract was made. But, in the case at bar, no such inference can be drawn. Johnson was not the owner of the property at the time of the execution of the contract; and it does not appear by its terms that he had any right or interest therein. It must be presumed that this was known to the demandant. If he had looked at the public records, he would have ascertained it to have been so. How can it be said, then, that Johnson intended to give a lien upon these premises by his contract? The legal inference is, that no such intention existed.

If it be said that his subsequent certificate, dated November 17th 1843, which merely states that no payment has been made on the contract for the erection of four of the houses mentioned therein, is evidence of his original intent, the answer is obvious. In a case like the present, where derivative rights and interests are involved, we can look only to the acts and contracts of parties before those rights accrued, in order to ascertain and interpret their original intent. Looking only at these, there is no such intent manifest in the agreements of the parties, or in their acts prior to the time when the tenant's title accrued.

This view also suggests a decisive answer to the argument of the demandant's counsel, that the tenant is estopped to

deny the validity of the demandant's lien, because he claims under and in privity with Johnson, who intended to create the lien, and had thereby and by his acts deceived and misled the demandant. No such intent is shown to have existed prior to the grant by Johnson to the tenant. All the acts of Johnson, upon which the demandant relies for his equitable estoppel, occurred subsequently to the date of the deed to the tenant. The case would have presented itself in quite a different aspect on this point, if the contract on its face purported to create any lien; but it is very clear that the tenant cannot be affected by the acts of his grantor subsequent to the time when his title accrued.

It seems to us, therefore, that Johnson, having no legal estate in the property described in the contract, at the time of its execution and delivery, could not, upon a proper construction of the statute, give any lien to the demandant under his contract; that there is no evidence in the case from which it can be inferred that the parties originally intended that any such lien should be created; and that there is no ground for applying the doctrine of equitable estoppel to the tenant, so as to preclude him from showing the invalidity of the demandant's lien.

In this view of the case it is manifest that the tenant is not in any sense a privy to the proceedings in the court of common pleas, and is not therefore bound by the judgment of that court in the proceedings for the enforcement of the demandant's lien. Such privity might exist in cases where a party claimed title to an estate, upon which a valid lien existed, as the grantee or heir of the owner of the estate by whom the original contract conferring the lien was made. Such grantee or heir might be precluded from impeaching, in collateral proceedings, the regularity of the judgment establishing the lien. But no such privity exists in the present case. The tenant claims a title wholly independent of and prior to the demandant's lien, if he has any on the estate, and is not precluded from showing that no lien ever existed as against him upon the estate in controversy.

*Judgment for the tenant.*

*S. Bartlett,* for the demandant.

*C. B. Goodrich & L. Saltonstall,* for the tenant.